UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ROBERT JOHNSON,

      *Plaintiff,*

    - against -

J. FACTEAU, Hearing Officer, and NORMAN R. BEZIO,
Director of Special Housing, in their individual capacities,

      *Defendants.*

COMPLAINT

## PRELIMINARY STATEMENT

1. This is a civil rights action by a state prison inmate, pursuant to 42 U.S.C. § 1983. Plaintiff seeks compensatory and punitive damages for his wrongful placement in a Special Housing Unit (hereinafter "SHU") for approximately 423 days, as a result of a Tier III disciplinary hearing, in which his Fifth and Fourteenth Amendment rights to due process were violated.

## JURISDICTION

2. This court has jurisdiction of plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1342(a)(3) and (4).

## PARTIES

3. Plaintiff **ROBERT JOHNSON** is a citizen of the United States, presently residing in the city of Buffalo, New York. At all times relevant to this complaint, he was an inmate confined at Clinton Correctional Facility and Southport Correctional Facility.

1

4. Defendant **J. FACTEAU** was, at the times mentioned hereafter, a captain at Clinton, and was the hearing officer who conducted plaintiff's Tier III hearing.

5. Defendant **NORMAN R. BEZIO** is presently, and was at the time of the events mentioned hereafter, the Director of the SHU's for DOCS and, as such, is and was responsible for the overall management of the Tier III disciplinary process, including the review and determination of all administrative appeals.

6. At all times relevant to the events described herein, defendants were employed by, and acting under the color of the law of, the State of New York.

## STATEMENT OF FACTS

7. Plaintiff **ROBERT JOHNSON** had been incarcerated in the DOCS from 2004 until his release on February, 2, 2010 on a 7 year sentence as a result of two criminal convictions.

8. On February 3, 2008, plaintiff **JOHNSON** was issued an Inmate Misbehavior Report, charging plaintiff with the following violations of the Standards of Inmate Behavior: 104.11 violent conduct; 100.10 assault on inmate and 113.10 weapon. See, 7 NYCRR Chapter V, part 270.2, et. seq.[1]

9. The misbehavior report was written and signed by Sgt. W. Bisso. The body of the report alleged as follows: "On the above date and approx. time you, inmate Johnson 04B1515, assaulted inmate Hardy (06A6295), upon returning to LF 3 company from chow. Two separate

---

[1] Rule 104.11 (violent conduct) states that inmates shall not "engage in any violent conduct or conduct involving the threat of violence either individually or in a group." 7 NYCRR 270.2 Rule 100.10 (assault on inmate) states that "[i]nmates shall not assault or inflict or attempt to inflict bodily harm upon any other inmate." Id. 7 NYCRR 270.2 Rule 113.10 (weapon) states that inmates shall not "make, possess, sell or exchange any item that may be classified as a weapon or dangerous instrument by description, use or appearance. A dangerous instrument is any instrument, article or substance which, under circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing bodily harm." Id.

confidential informants supplied information leading to your identification as the perpetrator of this incident. It was determined that upon entering three company you approached inmate Hardy from behind. You then reached around the front of his head and made a quick slashing motion to the right side of his face with a razor type weapon" Ex. A. (Misbehavior Report)

10. On or about February 7, 2008, a disciplinary hearing, based on the report of Sgt. Bisso, was commenced against plaintiff **JOHNSON**.

11. Defendant **J. FACTEAU** conducted the hearing.

12. At the hearing, plaintiff **JOHNSON** proclaimed his innocence and requested to call both the victim of the assault, inmate Hardy, and the two confidential informants cited in the misbehavior report as well as several other inmates who may have witnessed the incident.

13. Defendant **J. FACTEAU** agreed to call the requested inmate witnesses that may have witnessed the incident and to have Hardy testify outside of plaintiff's presence, but stated he would not call the confidential informants and would instead call the "Sgt. who wrote the report to give an explanation of the confidential informants and the information he gathered."

14. Hardy, the victim of the assault who testified out of plaintiff's presence, stated that while he could not identify his attacker because he was assaulted from behind where he could not see, he did not believe it was plaintiff **JOHNSON** because he thought he saw plaintiff standing in front of plaintiff's cell at the time.

15. Two inmate witnesses, who were at the scene of the incident, also testified and stated that plaintiff **JOHNSON** was at his cell, nowhere near the incident and engaged in a conversation with one of them when all of the inmates were ordered to put their hands on the wall when the incident occurred.

16. After the above inmate witnesses testified, defendant **J. FACTEAU**

referenced plaintiff's request for the confidential informants as witnesses and stated he wanted to talk to Sgt. Bisso, the author of the misbehavior report, as his witness to "have him testify to give me a clearer picture of the investigation and why (inaudible) it towards you." Defendant **J. FACTEAU** stated he would adjourn the hearing to see if Sgt. Bisso was available then and if not, he would set up another time with him to obtain his testimony.

17. When the hearing reconvened, defendant **J. FACTEAU** stated he was unable to get ahold of Sgt. Bisso because he was out of town and that he was just going to "go ahead and complete the hearing based on the information I have already and based on his (Sgt. Bisso's) report and the testimony we've heard."

18. Defendant **J. FACTEAU** thereupon concluded the hearing and found plaintiff guilty of violating charge 104.11 (violent conduct); 100.10 (assault on inmate) and 113.10 (weapon).

19. In his "Statement of Evidence Relied Upon" defendant **J. FACTEAU** wrote that he relied upon testimony from the victim, Hardy, plaintiff **JOHNSON** and his witnesses, and "the written report of Sgt. Bisso as well as the information supplied him by confidential unnamed witnesses." Ex. B. (Hearing Disposition Rendered Sheets).

20. Defendant **J. FACTEAU'S** statement left unclear what, if any, part of the confidential information he had reviewed himself.

21. Prior to the rendering the disposition, defendant **J. FACTEAU** never advised plaintiff **JOHNSON** that he would be reviewing or considering any confidential documents.

22. The record contains no corroboration of the informants' allegations or any other evidence that plaintiff **JOHNSON** committed the misconduct with which he was charged.

23. There is nothing in the record to indicate that defendant **J. FACTEAU** ever

personally spoke with any of the confidential informants.

24. The record contains no indication of any grounds upon which defendant **J. FACTEAU** could have assessed the reliability and credibility of the confidential sources or information, nor that he, in fact, did assess the reliability and credibility of the confidential sources or information.

25. Defendant **J. FACTEAU** sentenced plaintiff **JOHNSON** to eighteen month's confinement in the SHU, with corresponding loss of packages, commissary, and phones as well as imposed eighteen months recommended loss of good time.

26. Plaintiff administratively appealed the determination to defendant **NORMAN R. BEZIO**.

27. In his administrative appeal plaintiff **JOHNSON** alleged, among other things, that the witness testimony failed to implicate him as the perpetrator and that the hearing officer relied upon information provided by confidential informants who did not testify and that he was denied the confidential informants as well as the author of the misbehavior report with no reason given for their denial.

28. Defendant **NORMAN R. BEZIO** affirmed the hearing result.

29. On July 30, 2008, plaintiff, through counsel, filed an Article 78 in New York State court challenging the disposition as not supported under state law by the requisite substantial evidence because of **J. FACTEAU**'s failure to independently assess the reliability and credibility of the confidential information. In response to the petition, DOCS' Commissioner Brain Fischer, through his attorney, indicated that a "Confidential Unusual Incident Packet" was part of the hearing record and was available for in camera review.

30. In December 2008, plaintiff **JOHNSON** received a time cut and was

subsequently released from SHU on or about March 31, 2009. As a result of defendants' actions, plaintiff served approximately 423 days in a SHU.

31. Plaintiff perfected his Article 78 in the New York State Supreme Court, Appellate Division on June 19, 2009, and on July 21, 2009, defendant **NORMAN R. BEZIO** administratively reversed the disciplinary disposition at issue. By that date, plaintiff had already completed service of his sentence. Thereafter, plaintiff's Article 78 was dismissed as moot as he had received all of the relief he was entitled to.

## LEGAL CLAIMS

### FIRST CLAIM FOR RELIEF

32. By failing to independently assess the credibility and reliability of the confidential sources and information, as described herein, defendants **J. FACTEAU** and **NORMAN R. BEZIO** violated plaintiff's due process rights under the Fifth and Fourteenth Amendments to the Constitution.

### SECOND CLAIM FOR RELIEF

33. By finding plaintiff **JOHNSON** guilty of misbehavior without some reliable evidence of misconduct to support the charge as described herein, defendants **J. FACTEAU** and **NORMAN R. BEZIO** violated plaintiff's due process rights under the Fifth and Fourteenth Amendments to the Constitution.

**WHEREFORE**, plaintiff requests that this court:

1. Declare that the acts set forth herein are in violation of plaintiff's rights under the Federal Constitution and laws of the United States;

2. Enter judgment in favor of plaintiff for reasonable actual and compensatory, including consequential, damages against defendants **J. FACTEAU** and **NORMAN R. BEZIO**, jointly and severally, to compensate plaintiff for suffering and other hardships arising from defendants' actions in violation of his rights;

3. Enter judgment for plaintiff for reasonable punitive damages against each of the defendants;

4. Award plaintiff the costs of this action, including reasonable attorney's fees; and

5. Grant such other and further relief as the court deems just and proper.

DATED:

March 29, 2010          BY: _____
                            STACY L. GRACZYK, ESQ.
                            BRN# 512504
                            Karen Murtagh-Monks, Executive Director
                            Prisoners' Legal Services of New York
                            121 Bridge Street, Suite 202
                            Plattsburgh, New York 12901
                            (518) 561-3088

                            Attorneys for Plaintiff